Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000749
28-MAR-2016
08:29 AM

NO. CAAP-15-0000749

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

KEVIN METCALFE, Petitioner-Appellant, v.
STATE OF HAWAI'I, Respondent-Appellee.

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(S.P.P. NO. 14-1-0005)

ORDER DISMISSING THE APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Foley, Presiding Judge, Leonard and Ginoza, JJ.)

Upon review of the record, it appears that we lack jurisdiction over the appeal that Petitioner-Appellant Kevin Metcalfe (**Appellant**) has asserted from the "Findings of Fact, Conclusions of Law, and Order Concerning Evidentiary Hearing Held on May 1, 2015 on Petitioner's Amended Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody Filed November 5, 2014," filed on September 16, 2015, in the Circuit Court of the Third Circuit (**circuit court**), because the appeal is untimely under Rule 4(b) of the Hawai'i Rules of Appellate Procedure (**HRAP**).

HRAP Rule 4(b) provides the controlling time period for filing a notice of appeal. "[P]ursuant to HRAP Rule 4(b)(1), an

appeal from an order denying post-conviction relief must either be filed within thirty days after the entry of the order denying the HRPP Rule 40 petition or, in the alternative, after the announcement but before the entry of the order." Grattafiori v. State, 79 Hawai‘i 10, 13, 897 P.2d 937, 940 (1995). HRAP Rule 4(b)(5) provides:

> (5) Extensions of Time to File a Notice of Appeal. Upon showing of good cause, the circuit, district, or family court may, no later than 30 days after the time has expired, on motion and notice, extend the time for filing a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this subdivision (b). Any such motion that is filed before expiration of the prescribed time may be ex parte unless the court otherwise requires.

The Notice of Appeal was due within thirty days of the September 16, 2015 Order Denying Amended Rule 40 Petition, or October 16, 2015, according to HRAP Rule 4(b)(1). Appellant filed the Notice of Appeal one day late, on October 17, 2015, then moved for an extension of time to file the Notice of Appeal. On November 9, 2015, the circuit court denied the motion for extension.

On November 16, 2015, Appellant timely moved for reconsideration of the order denying the motion for extension. On December 1, 2015, the circuit court granted the motion for reconsideration and extended the deadline to file the notice of appeal by one day.

Pursuant to HRAP Rule 4(b)(5), the court only had until November 16, 2015,[1] or thirty days after the deadline to file the notice of appeal, to grant or deny an extension of time to file the notice of appeal. The motion for reconsideration was not a

---

[1] Thirty days after the time to file the notice of appeal expired was November 15, 2015, a Sunday. See HRAP Rule 26(a).

-2-

tolling motion. See State v. Brandimart, 68 Haw. 495, 720 P.2d 1009 (1986). The court did not grant the motion for extension of time until December 1, 2015, or fifteen days after the deadline. Therefore, the order granting the extension of time to file the notice of appeal is null.

"In criminal cases, [the Supreme Court of Hawai'i] ha[s] made exceptions to the requirement that notices of appeal be timely filed." State v. Irvine, 88 Hawai'i 404, 407, 967 P.2d 236, 239 (1998). Specifically, the Supreme Court of Hawai'i has permitted belated appeals under two sets of circumstances:

> (a) [when] defense counsel has inexcusably or ineffectively failed to pursue a defendant's appeal from a criminal conviction in the first instance, or (2) [when] the lower court's decision was unannounced and no notice of the entry of judgment was ever provided.

Grattafiori v. State, 79 Hawai'i at 13-14, 897 P.2d at 940-41 (citations omitted). These two exceptions do not apply to the instant case because (1) this case is not Appellant's appeal from his criminal conviction in the first instance and (2) the circuit court clearly announced its decision by filing the order denying Appellant's HRPP Rule 40 petition for post-conviction relief. The appeal is not timely.

"As a general rule, compliance with the requirement of the timely filing of a notice of appeal is jurisdictional, . . . and we must dismiss an appeal on our own motion if we lack jurisdiction." Grattafiori v. State, 79 Hawai'i at 13, 897 P.2d at 940 (citations, internal quotation marks, and brackets omitted); HRAP Rule 26(b) ("[N]o court or judge or justice is authorized to change the jurisdictional requirements contained in

Rule 4 of these rules."); HRAP Rule 26(e) ("The reviewing court for good cause shown may relieve a party from a default occasioned by any failure to comply with these rules, except the failure to give timely notice of appeal.").

Accordingly, IT IS HEREBY ORDERED that appellate court case number CAAP-15-0000749 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, March 28, 2016.



Presiding Judge



Associate Judge



Associate Judge